**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EDWARD DIEHL, | CIVIL ACTION NO. 08-5095 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| ROSEMARIE CONNELL, et al., |  |
| Defendants. |  |

**THE PLAINTIFF** bringing this action against defendants, Rosemarie Connell ("Connell"), Laurie W. Fiedler ("Fiedler"), the Honorable Stephan C. Hansbury, P.J.S.C. ("Hansbury"), the Honorable Edwin H. Stern, P.J.A.D. ("Stern"), the Honorable Christine L. Miniman, J.A.D. ("Miniman"), and the Honorable Ariel A. Rodriguez, J.A.D. ("Rodriguez" and, with Hansbury, Stern, and Miniman, "State Judicial Defendants") (dkt. entry no. 1; Compl.); and it appearing that plaintiff is seeking relief in Federal Court from a proceeding initiated in the Superior Court of New Jersey, Family Part ("Family Court"), and appealed to the Superior Court of New Jersey, Appellate Division ("Appellate Division") and the Supreme Court of New Jersey ("Supreme Court"), arising from a palimony action brought by Connell against plaintiff (see id.); and it appearing that a trial was conducted in Family Court on August 22-23, 2005, and the Family Court issued an award in favor of Connell on December 6, 2005 ("12-6-05 Award") (dkt. entry no. 20, Certification of Counsel, Ex. A, 12-

6-05 Award); and it appearing that plaintiff appealed 12-6-05 Award to the Appellate Division and the Appellate Division affirmed in part and reversed in part ("1-8-08 Appellate Division Decision") (id., Ex. B, 1-8-08 Appellate Div. Op.); and it further appearing plaintiff appealed the 1-8-08 Appellate Division Decision to the Supreme Court, which denied plaintiff's petition for certification (id., Ex. C, 5-6-08 Order); and it appearing that the Family Court, on remand, issued a second award in favor of Connell on December 16, 2008 ("12-16-08 Award") (id., Ex. D, 12-16-08 Award); and

**PLAINTIFF** seeking, in effect and using various theories, to challenge the 12-6-05 Award, the 1-8-08 Appellate Division Decision, and the 12-16-08 Award (see Compl.);[1] and defendants now moving, separately, to dismiss the Complaint for, inter alia, lack of subject matter jurisdiction (dkt. entry no. 7, Connell & Fiedler Mot. to Dismiss; dkt. entry no. 20, State Judicial Defs.

---

[1] For example, plaintiff bases his due process claim against Hansbury on allegations that "Hansbury fabricated false law that Kozlowski v. kozlowski [sic] was decided on quasi contract notwithstanding that it was decided on express contract" and then "ruled against Diehl using the new false law he created." (Compl. at 26.)  Further, plaintiff's conspiracy to deny due process claim against Fiedler and the State Judicial Defendants is based on assertions that "Hansbury's judgment is totally inconsistent with all palimony case law and the definition of palimony itself, and rests on a fabrication of law" and that the findings made in the 1-8-08 Appellate Division Decision "contradict[] all known palimony law" and involve "pure fabrication of fact." (Id. at 29-30 (emphasis omitted).)

Mot. to Dismiss); and plaintiff opposing the separate motions (dkt. entry no. 22, Pl. Br.); and

**IT APPEARING** that plaintiff is attempting to avoid orders of the Family Court and Appellate Division; and it appearing that the proper procedure is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court, D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414-16 (1923); and it appearing that the Rooker-Feldman doctrine prohibits adjudication of an action where the relief requested would require a Federal Court to either determine whether a state court's decision is wrong or void that decision, thereby preventing the state court from enforcing its orders or judgments, see McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005); see also Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (stating that a losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"); and it further appearing that the Complaint should be dismissed as barred by the Rooker-Feldman doctrine, see E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997) (stating Rooker-Feldman doctrine bars federal district court from reviewing decision of lower state court); and

**IT FURTHER APPEARING** that plaintiff's claims against the State Judicial Defendants are barred under the absolute-immunity doctrine, as courts and judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly, Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000); and

**THE COURT** thus intending to dismiss the Complaint for lack of subject matter jurisdiction; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b); and for good cause appearing, the Court will issue an appropriate order and judgment.[2]

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:   June 3, 2009

---

[2] The parties do not state whether an appeal from the 12-16-08 Award is pending. If such an appeal were pending, then the state-court proceeding would be considered to be ongoing, thereby requiring the Court to abstain from exercising jurisdiction. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).