**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EDWARD DIEHL, | CIVIL ACTION NO. 08-5095 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| ROSEMARIE CONNELL, et al., |  |
| Defendants. |  |

**THE COURT** having issued an Order and Judgment on June 3, 2009 granting defendants' separate motions to dismiss the Complaint for lack of subject matter jurisdiction ("6-3-09 Order and Judgment") (dkt. entry no. 25, 6-3-09 Order & J.); and plaintiff, in effect, moving for reconsideration of the 6-3-09 Order and Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59 and Local Civil Rule 7.1 (dkt. entry no. 26, Mot. for Recons.); and defendants separately opposing the motion (dkt. entry no. 27, Fiedler & Connell Cross Mot. for Fees & Costs; dkt. entry no. 29, State Judicial Defs. Opp'n); and defendants Rosemarie Connell ("Connell") and Laurie W. Fiedler cross-moving for attorney fees and sanctions (Fiedler & Connell Cross Mot. for Fees & Costs; dkt. entry no. 28, Fiedler & Connell Cross Mot. for Sanctions); and plaintiff not opposing the cross motions; and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) that is

granted "very sparingly," Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and it further appearing that a court may grant a motion for reconsideration if the movant shows at least one of the following: (1) an intervening change in the controlling law, (2) the availability of new evidence that was previously unavailable, or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice, id.; Cataldo, 361 F.Supp.2d at 432-33; and it also appearing that reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision."), or (2) the apparent purpose of the motion is for the movant to express disagreement with the court's initial decision, Tehan, 111 F.Supp.2d at 549; and it further appearing that a motion should only be granted where facts or controlling legal authority were presented to, but not considered by, the court, Mauro v. N.J. Supreme Court, 238 Fed.Appx. 791, 793 (3d Cir. 2007); and

**THE COURT** having carefully reviewed the arguments of the parties; and plaintiff now arguing that the Court "overlooked factual legal issues" warranting reconsideration of the 6-3-09 Order and Judgment (Mot. for Recons. at 8); and plaintiff arguing that the Court overlooked the state court's allegedly erroneous conclusion that Connell's bankruptcy action did not relate to or impact her palimony action against plaintiff (id. at 8-9); and plaintiff asserting that Connell concealed her palimony action from the bankruptcy court, and therefore the palimony action remains property of the bankruptcy estate and the state court lacked jurisdiction to adjudicate the palimony action (id. at 8-13); and plaintiff merely challenging, again, the factual determination made by the state courts that the palimony action accrued after the bankruptcy action ended (see id. at 8-29; dkt. entry no. 20, Certification of Counsel, Ex. B, 1-8-08 Appellate Div. Op. at 10, 24); and plaintiff merely restating arguments previously made to, and considered by, this Court; and

**THE COURT** finding that plaintiff (1) has not established that facts or controlling legal authority were presented to, but overlooked by, the Court, see Mauro, 238 Fed.Appx. at 793, and (2) is merely recapitulating the arguments previously raised and asserting his disagreement with the Court's decision, see Arista Recs., 356 F.Supp.2d at 416; Tehan, 111 F.Supp.2d at 549; and the Court finding that plaintiff does not argue for reconsideration

3

based on availability of new evidence or an intervening change in the controlling law (see Mot. for Recons.), see Max's Seafood Café, 176 F.3d at 677; and the Court finding that plaintiff has not shown a clear error of law or fact, see Max's Seafood Café, 176 F.3d at 677; and the Court concluding that reconsideration of the 6-3-09 Order and Judgment is therefore inappropriate; and the Court thus intending to (1) deny the motion, and (2) deny the cross motions; and the Court having considered the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 7.1(i); and for good cause appearing, the Court will issue an appropriate order.

                                                      s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated: July 21, 2009